779 So.2d 1087 (2001)
Randy James AUCOIN
v.
John Ellis FELL, III, et al.
No. 00-1254.
Court of Appeal of Louisiana, Third Circuit.
February 7, 2001.
*1088 Byron P. Guillory, Attorney at Law, Lafayette, LA, Counsel for: John Ellis Fell, III, Jack Montouchet.
Trent John Gauthier, Attorney at Law, Lafayette, LA, Counsel for: Randy James Aucoin.
Court composed of Judge THIBODEAUX, Judge PETERS, and Judge PICKETT.
PICKETT, J.

FACTS
Randy James Aucoin filed a Petition for Declaratory Judgment seeking to have the court recognize a "general utility easement, right of way, etc." on the property of John Ellis Fell, III, and Jack Montoucet in favor of his property. Messrs. Fell's and Montoucet's property is adjacent to Mr. Aucoin's property. Pursuant to a document titled "Servitude of Passage," Mr. Aucoin has a right of passage over the property of Mr. Fell and Mr. Montoucet to his enclosed estate. Mr. Aucoin wishes to relocate his family to this enclosed estate.
Mr. Fell and Mr. Montoucet filed exceptions of no cause of action and no right of action. Following a hearing, the trial court sustained the exceptions and dismissed the suit with prejudice. From this ruling Mr. Aucoin appeals.

*1089 EXCEPTION OF NO CAUSE OF ACTION

The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts that are alleged in the petition. McDonald v. Zapata Protein (USA), Inc., 97-10 (La.App. 3 Cir. 4/30/97); 693 So.2d 296. The mover has the burden of proof, the allegations in the petition are presumed to be true, and all reasonable inferences are made in favor of the non-moving party. City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist., 93-690 (La.7/15/94); 640 So.2d 237, writ denied 96-2820 (La.1/6/97); 685 So.2d 116. An appellate court reviews judgments granting an exception of no cause of action de novo, using the same standard as the trial court.
The appellant seeks to have the court recognize a predial servitude over the appellees' land for the purpose of running utility lines to his enclosed estate. Appellant presently has a servitude of passage which allows him ingress and egress to his property. He argues the trial court erred in granting the appellees' exception of no right of action because La.Civ.Code art. 689 implicitly provides the right to a utility easement or right-of-way. La.Civ. Code art. 689 provides as follows:
The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
The appellant's argument is misplaced. We find no implied right to a utility easement or right-of-way in the provisions of Article 689, which simply provides a servitude of passage to an enclosed estate. This article has never been interpreted to allow for a utility right-of-way across a servient estate for the benefit of a dominant estate. We will not give it such a strained interpretation.
The servitude of passage is clearly defined in La.Civ.Code art. 705 as follows:
The servitude of passage is a right for the benefit of the dominant estate whereby persons, animals or vehicles are permitted to pass through the servient estate. Unless the title provides otherwise, the extent of the right and mode of its exercise shall be suitable for the kind of traffic necessary for the reasonable use of the dominant estate.
Civil Code articles 689 and 705 provide a means for the owner of an enclosed estate to access his property by foot or vehicle. We find no jurisprudence interpreting these articles in such a manner as to allow a dominant estate with a servitude of passage the right of a utility right-of-way. We find no provision in the Civil Code which grants an enclosed estate the right of a servitude of passage for utilities.
As no such right exists in either the civil code or any jurisprudence, the trial court was correct to grant the appellee's exception of no cause of action.

EXCEPTION OF NO RIGHT OF ACTION
The Exception of no right of action tests whether the plaintiff has an interest in enforcing or the capacity to bring an action. Sanders v. Gore, 95-660 (La. App. 3 Cir. 7/10/96); 676 So.2d 866; writ denied 96-2072 (La.11/15/96); 682 So.2d 762. Appellate review of the trial court's granting of the exception of no right of action is de novo review.
Appellant argues he is allowed a predial servitude based on the bylaws of SLEMCO, the local electricity co-operative. He argues appellee is a member of SLEMCO and is therefore bound by the provisions of its bylaws, in particular that portion set forth as follows:
Section 12. Easements For Corporation's Lines.
(a) Members shall, without charge to the corporation, grant to it easements over land owned by them for the transmission *1090 and distribution lines of the corporation, and the Board may require from applicants for membership the return of any payment previously made to such applicants for easement.
The trial court found that since the appellant is not a member of SLEMCO, he cannot take advantage of the bylaws. The bylaws grant SLEMCO the servitude, not the landowner. The trial court found the appellant was not a third party beneficiary to the SLEMCO bylaws. There is no evidence of a stipulation pour autrui, which is never presumed but must be made manifestly clear by the contracting parties. Guidry v. Hedburg, 98-228 (La.App. 3 Cir. 11/4/98); 722 So.2d 1036.
We find, therefore, that the exception of no right of action was properly sustained by the trial court.

CONCLUSION
The trial court properly granted the appellees' exceptions of no cause of action and no right of action. The trial court properly dismissed the appellant's petition with prejudice. La.Code Civ.P. art. 934; See Downs v. RTS Security, Inc., 95-835 (La.App. 3 Cir. 1/31/96); 670 So.2d 434, writ denied, 96-1325 (La.9/13/96); 679 So.2d 104.
AFFIRMED.