PER CURIAM.
 

 hThe Central Community School Board (Central) filed a mandamus suit against the East Baton Rouge Parish School Board and the East Baton Rouge Parish Facilities Improvement District to require the transfer of monies, taxes, immovable property and movable property to Central as a result of the separation of Central’s public schools from the East Baton Rouge Parish public school system. The trial court denied all of Central’s requests; however, this Court reversed the trial court only as to the transfer of school buses at issue. In its opinion, this Court
 
 *1061
 
 ordered the East Baton Rouge Parish School Board (EBRPSB) to return or transfer the 31 buses to Central pursuant to the mandatory language of LSA-R.S. lT^BCFXl).
 
 [1]
 
 Writs were taken to the Supreme Court and were denied on December 12, 2008.
 
 [2]
 

 Thereafter, in late January, Central’s counsel apparently directed a request to the EBRPSB to comply with this Court’s ruling by noon on January 30, 2009, and EBRPSB’s counsel apparently responded that the EBRPSB does not have 31 buses available to transfer because it does not maintain excess buses. As a result of this exchange between counsel, Central has filed the instant motion for contempt directly into this Court seeking to have this Court issue a show cause to call the EBRPSB members named in this motion into this Court for a contempt hearing. Central requests that this Court find the defendant members of the school board guilty of constructive contempt for failure to comply with this Court’s judgment and fine each of them $500 each per day and/or impose a sentence of imprisonment of up to 3 months on each of them, until the EBRPSB complies with |2this Court’s ruling. Additionally, Central asks that the defendants be assessed with all costs of these proceedings, and for all general and equitable relief which may be afforded.
 

 In filing this motion directly with this Court, Central has failed to follow the requirements of La.Code Civ. P. art. 2251 which provides that a judgment can only be executed by a trial court and that the party seeking to execute a judgment of an appellate court must first file a certified copy with the clerk of the trial court. In regard to judgments other than money judgments, La.Code Civ. P. art. 2501 provides that a party in whose favor a judgment of possession has been rendered may obtain from the clerk a writ of possession directing the sheriff to seize and deliver the property to the prevailing party if it is movable property. If a judgment has ordered delivery of a thing and the sheriff cannot seize it, the party entitled to performance may obtain by contradictory motion in the trial court remedies such as contempt and damages. La.Code Civ. P. art. 2502.
 

 This Court is a court of review, not first impression, and cannot order the execution of an opinion rendered by it, nor can it conduct a contempt hearing for a party’s failure to comply with its opinion. Thus, this motion is dismissed as not properly before this Court.
 

 MOTION FOR CONTEMPT DISMISSED.
 

 [1]
 

 .
 
 Central Community School Bd. v. East Baton Rouge Parish School Bd.,
 
 2008-0036 (La.App. 1 Cir. 6/6/08), 991 So.2d 1102.
 

 [2]
 

 .
 
 Central Community School Bd. v. East Baton Rouge Parish School Bd.,
 
 2008-1480 (La.12/12/08), 997 So.2d 561.