# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CM 11-983

**MANDY LOUISE LACROIX PERDUE, ET AL.**

**VERSUS**

**DANNY DOYLE CRUSE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 35,573
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JAMES T. GENOVESE

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy H. Ezell, and James T. Genovese, Judges.

**RULE FOR CONTEMPT DENIED.**

**Ricky L. Sooter**
**George I. Fine**
**Provosty, Sadler, et al.**
**Post Office Box 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
 **Mandy Louise LaCroix Perdue**
 **Mary Elizabeth LaCroix Parsons**
 **Leven E. LaCroix**
 **Judy Mae LaCroix Craigo**

**Danny Doyle Cruse**
**In Proper Person**
**180 June Lane**
**Trout, LA 71371**
**PRO SE DEFENDANT/APPELLEE:**
  **Danny Doyle Cruse**

**Kathy Ann Meeks Cruse**
**In Proper Person**
**180 June Lane**
**Trout, LA 71371**
**PRO SE DEFENDANT/APPELLEE:**
  **Kathy Ann Meeks Cruse**

**Christopher Cruse**
**In Proper Peson**
**Post Office Box 532**
**Trout, LA 71371**
**PRO SE DEFENDANT/APPELLEE:**
  **Christopher Cruse**

**Joy Cruse**
**In Proper Person**
**Post Office Box 532**
**Trout, LA 71371**
**PRO SE DEFENDANT/APPELLEE:**
  **Joy Cruse**

**GENOVESE, Judge.**

The plaintiffs, Mandy Louise LaCroix Perdue, Mary Elizabeth LaCroix Parsons, Leven E. LaCroix, and Judy Mae LaCroix Craigo, have filed a rule in this court seeking to have the defendants, Danny Doyle Cruse, Kathy Ann Meeks Cruse, Christopher Cruse, and Joy Cruse, adjudicated in contempt of this court's ruling rendered in an earlier appeal in this matter. For the reasons given below, we deny the Rule for Contempt.

In *Perdue v. Cruse*, 09-1446, p. 10 (La.App. 3 Cir. 6/2/10), 38 So.3d 1235, 1242, this court wrote:

> Accordingly, the Cruses are ordered to remove the water line within 90 days of the finality of this decision. They are additionally ordered to arrange removal of the telephone and electrical lines within 90 days of the finality of this opinion.

The plaintiffs have now filed a Rule for Contempt in this court. They assert that since no application for rehearing was filed and no application for supervisory review was sought in the Louisiana Supreme Court, this court's decision is now final and definitive. Thus, the plaintiffs contend that more than 90 days have passed since this court's ruling became final, and, yet, the defendants have failed to comply with the above orders of this court. Therefore, the plaintiffs ask that this court order the defendants to show cause in this court why they should not be held in contempt of court, ordered to pay all court costs associated with these proceedings, including reasonable attorney fees, and should not be ordered to serve jail time in order to purge themselves of their contempt of court.

In *Central Community School Bd. v. East Baton Rouge Parish School Bd.*, 09-285 (La.App. 1 Cir. 5/15/09), 20 So.3d 1060, the first circuit had ordered the East Baton Rouge Parish School Board (EBRPSB) to return or to transfer 31 buses to the Central Community School Board (Central). When the EBRPSB failed to comply with the first circuit's ruling, Central filed a motion for contempt with the first circuit

seeking to have that court rule the members of the EBRPSB to show cause, at a hearing in that court, why they should not be held in contempt of the first circuit's order commanding the return or transfer of the buses. Central sought judgment against the EBRPSB members assessing them with a fine, jail time, costs, and all general and equitable relief.

In denying this motion, the first circuit writes:

> In filing this motion directly with this Court, Central has failed to follow the requirements of La.Code Civ. P. art. 2251 which provides that a judgment can only be executed by a trial court and that the party seeking to execute a judgment of an appellate court must first file a certified copy with the clerk of the trial court. In regard to judgments other than money judgments, La.Code Civ. P. art. 2501 provides that a party in whose favor a judgment of possession has been rendered may obtain from the clerk a writ of possession directing the sheriff to seize and deliver the property to the prevailing party if it is moveable property. If a judgment has ordered delivery of a thing and the sheriff cannot seize it, the party entitled to performance may obtain by contradictory motion in the trial court remedies such as contempt and damages. La.Code Civ. P. art. 2502.

> This Court is a court of review, not first impression, and cannot order the execution of an opinion rendered by it, nor can it conduct a contempt hearing for a party's failure to comply with its opinion. Thus, this motion is dismissed as not properly before this Court.

*Central Community School Bd.*, 09-285, p. 2, 20 So.3d at 1061.

In the instant case, the plaintiffs have failed to inform this court whether they have sought to execute this court's prior opinion as provided by La.Code Civ.P. art. 2251. Even more specific to the issue presented by the instant Rule for Contempt, we find that, as did the first circuit in *Central Community School Bd.*, 09-285, 20 So.3d 1060, this court is not a court of first impression, and we cannot conduct a contempt hearing on the facts presented in the instant case. Thus, while this court recognizes the authority granted to it by La.Code Civ.P. art. 225 and La.R.S. 13:4611, we must dismiss the Rule for Contempt at plaintiffs' cost.

**RULE FOR CONTEMPT DENIED.**