NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-497

NORRIS CLEMENT, ET AL.

VERSUS

BRENT J. MENARD, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20173639
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge; Elizabeth A. Pickett; John E. Conery; D. Kent Savoie; and Candyce G. Perret, Judges.

RULE FOR CONSTRUCTIVE CONTEMPT
AND SUPPLEMENTAL RULE FOR
CONSTRUCTIVE CONTEMPT DISMISSED.

Jade Roland Andrus
Andrus and Andrus, LLC
1227 Camellia Boulevard
Lafayette, LA 70508
(337) 988-2100
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Norris Clement
    Barbara Clement Richard,
       Agent & Attorney in Fact for Norris Clement
    Gregory Paul Dore

**G. Andrew Veazey**
**Bradford H. Felder**
**Dona K. Renegar**
**Veazey, Felder & Renegar**
**Post Office Box 80948**
**Lafayette, LA  70598-0948**
**(337) 234-5350**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Brent J. Menard**
     **Jamille Menard**

**PERRET, Judge.**

Defendants/Appellants, Brent J. Menard and Jamille Menard ("the Menards"), filed a Rule for Constructive Contempt and a Supplemental Rule for Constructive Contempt against Plaintiffs/Appellees, Norris Clement, Barbara Richard (as the authorized agent for the deceased, Norris Clement), and Gregory Paul Dore ("the Clements"), alleging that the Clements have continued to use the underground irrigation pipeline in violation of this court's issuance of a permanent injunction in favor of the Menards. The Menards seek to have the Clements found guilty of constructive contempt of court pursuant to La.Code Civ.P. arts. 224 and 225 and punished in accordance with La.R.S. 13:4611. The Menards also ask this court for an award of attorneys' fees and costs under La.R.S. 13:4611(g). For the reasons that follow, we dismiss both the Rule for Constructive Contempt and the Supplemental Rule for Constructive Contempt.

## FACTS AND PROCEDURAL HISTORY

This case involves competing claims for injunctive relief involving an irrigation canal right-of-way. The Menards purchased the subject property in September of 1998, and the act of sale did not disclose the presence of any underground pipeline. In 1997, however, prior to the sale to the Menards, the Clements had installed a twelve-inch plastic pipeline to irrigate rice crops and crawfish ponds and filled in the open irrigation canal that runs across the Menards' property. The Menards' ancestor in title had granted a right-of-way for the irrigation canal in 1952.

The Clements filed the instant suit when the Menards allegedly prevented the Clements from making necessary repairs to the pipeline. The Clements sought injunctive relief, asserted ownership of the right-of-way, and asked for damages allegedly caused by the Menards' excavation of the irrigation pipeline area. The

Menards opposed the Clements' request for injunctive relief and filed a Reconventional Demand and Third-Party Petition for Possession and for Damages. The Menards sought injunctive relief to protect their possession of the property and to ensure the removal of the irrigation pipeline.

The trial court ruled in favor of the Clements and issued a permanent injunction prohibiting the Menards from interfering with the Clements' use of the irrigation pipeline. The Menards appealed, and, on May 1, 2019, this court issued its opinion reversing the trial court's judgment in favor of the Clements and granting a permanent injunction in favor of the Menards. *Clement v. Menard*, 18-497 (La.App. 3 Cir. 5/1/19), ___ So.3d ___. The Clements have not sought rehearing from this court or writs from the Louisiana Supreme Court.

The Menards have now filed the Rules for Constructive Contempt[1] in this court.

## DISCUSSION

Louisiana Code of Civil Procedure Article 225(A) provides, in pertinent part, as follows:

> A person charged with committing a constructive contempt of a court of appeal may be found guilty thereof and punished therefor after receiving a notice to show cause, by brief, to be filed not less than forty-eight hours from the date the person receives such notice why he should not be found guilty of contempt and punished accordingly. The person so charged shall be granted an oral hearing on the charge if he submits a written request to the clerk of the appellate court within forty-eight hours after receiving notice of the charge. Such notice from the court of appeal may be sent by registered or certified mail or may be served by the sheriff.

Then, La.R.S. 13:4611 provides the means by which the court of appeal, and other courts, may punish a person adjudged guilty of a contempt of court. Thus, a court

___

[1] At the time the initial Rule for Constructive Contempt was filed, the delay for seeking review from the Louisiana Supreme Court had not expired. The Supplemental Rule for Contempt was filed after that delay had run without the Clements seeking further review. The Supplemental Rule for Contempt also alleged additional instances of the Clements' operation of the irrigation pipeline.

of appeal is granted the authority to adjudge a party in contempt and issue punishment accordingly.

Attached to the Rules for Constructive Contempt are several documents and videos that have not been admitted into evidence at the trial court. The videos were allegedly recorded by Mr. Menard on his phone and allegedly show instances of persons acting on behalf of the Clements operating the irrigation pipeline in violation of the injunction issued by this court.

This court considered a similar situation in *Perdue v. Cruse*, 11-983 (La.App. 3 Cir. 8/4/11), 73 So.3d 405.[2] In *Perdue*, this court issued a permanent injunction prohibiting the Cruses from placing any utility lines across the subject property without obtaining a servitude allowing such placement and also ordered the Cruses to remove a water line within ninety days of the opinion and to arrange for the removal of the telephone and electricity lines within ninety days of the opinion. When the delays for rehearing and to seek writs from the Louisiana Supreme Court expired without the Cruses seeking such relief, the plaintiffs filed a rule for contempt in this court and alleged that the Cruses had not complied with the orders of this court. This court noted that La.Code Civ.P. art. 2251 provides that "[a] judgment can be executed only by a trial court." Because "the plaintiffs [] failed to inform this court whether they have sought to execute this court's prior opinion as provided by La.Code Civ.P. art. 2251[,]" this court found that it had to "dismiss the Rule for Contempt at plaintiffs' cost." *Perdue*, 73 So.3d at 407.

In *Perdue*, 73 So.3d 405, this court cited *Central Community School Board v. East Baton Rouge Parish School Board*, 09-285, p. 2 (La.App. 1 Cir. 5/15/09), 20 So.3d 1060, 1061, wherein the first circuit stated: "[t]his Court is a court of

_____

[2] This authority, which is contrary to the Menards' position, was disclosed to this court by the Menards after the filing of the original Rule for Constructive Contempt, in compliance with La.Rules Prof.Conduct, Rule 3.3.

review, not first impression, and cannot order the execution of an opinion rendered by it, nor can it conduct a contempt hearing for a party's failure to comply with its opinion."

The Menards allege that they reported the use of the irrigation pipeline to the Lafayette Parish Sheriff's Department, which allegedly declined to investigate the matter. But, the Menards do not allege any attempt to execute the judgment in accordance with La.Code Civ.P. art. 2251, which requires that "[a] party seeking to execute a judgment of an appellate court must first file a certified copy with the clerk of the trial court."

There is apparently some dispute as to what conduct is prohibited by the permanent injunction issued by this court. This matter was remanded to the trial court by this court "for further proceedings as may be necessary in conformity with this ruling." *Clement*, ___ So.3d at ___. The Rules for Constructive Contempt give no indication as to the status of the proceedings at the trial court. Certain communications between the attorneys are attached to the Rules for Constructive Contempt; however, these documents cannot be considered because "[t]his court is not one of first impression but, instead, an appellate court reviews evidence that was before the trial court." *Smith v. Ieyoub*, 01-1517, p. 4. (La.App. 3 Cir. 3/6/02), 809 So.2d 1256, 1259.

Guided by *Central Community School Board*, 20 So.3d 1060, and *Perdue*, 73 So.3d 405, we find that we cannot conduct a contempt hearing on the facts of this case because the Menards have made no showing of compliance with La.Code Civ.P. art. 2251 and because the conduct of such hearing would require the taking of evidence.

**DECREE**

The Rule for Constructive Contempt and the Supplemental Rule for Constructive Contempt filed by the Menards are dismissed at the Menards' cost.

**RULE FOR CONSTRUCTIVE CONTEMPT AND SUPPLEMENTAL RULE FOR CONSTRUCTIVE CONTEMPT DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.