STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-221

REVEREND FRANKLIN FONDEL, SR.

VERSUS

RAYMOND FONDEL, JR., INDIVIDUALLY AND AS
ADMINISTRATOR OF THE SUCCESSION OF
RAYMOND FONDEL, SR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-5419
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Van H. Kyzar, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

DECLARATORY JUDGMENT AFFIRMED;
PERMANENT INJUNCTION REVERSED AND DISSOLVED.

**Kenneth M. Wright**
**203 West Clarence Street**
**Lake Charles, Louisiana  70601**
**(337) 439-6930**
**Counsel for Respondants/Appellants:**
    **Franklin Fondel, Sr.**
    **Franklin Fondel, Jr.**

**Robert J. Williams**
**814 West McNeese Street, Suite 217**
**Lake Charles, Louisiana  70605**
**(337) 562-1116**
**Counsel for Petitioner/Appellee:**
    **Kevin Fondel**

**J. Wade Smith**
**Post Office Box 1706**
**Lake Charles, Louisiana  70602**
**(337) 436-8424**
**Counsel for Petitioner/Appellee:**
    **Raymond Fondel, Jr.**

**David Marcantel**
**302 East Nezpique**
**Jennings, Louisiana  70546**
**(337) 824-7380**
**Counsel for Petitioner/Appellee:**
    **Succession of Raymond Fondel, Sr.**

**Shane K. Hinch**
**Post Office Box 4210-70606**
**Lake Charles, Louisiana**
**Counsel for Petitioner/Appellee:**
    **Fondel Memorial Chapel, Inc.**

**FITZGERALD, Judge.**

Appellants, Franklin Fondel Sr. (Franklin Sr.) and Franklin Fondel Jr. (Franklin Jr.), seek review of the trial court's declaratory judgment in favor of Kevin Fondel (Kevin) and the Succession of Raymond Fondel Sr. (Succession of Raymond Sr.), declaring null and void the issuance of 4,000 shares of stock in Fondel Memorial Chapel, Inc. (FMC) to Franklin Jr. Appellants also seek review of the trial court's issuance of a permanent injunction against Franklin Jr., enjoining him from voting shares of stock in FMC.

For the reasons below, the trial court's declaratory judgment is affirmed; however, the judgment issuing the permanent injunction is reversed and dissolved.

## FACTS AND PROCEDURAL HISTORY

FMC is a Louisiana business corporation domiciled in Lake Charles, Louisiana. The corporation does business as a funeral home, and it has serviced Southwest Louisiana for many decades. Since its incorporation in 1966, FMC has been operated by various members of the Fondel extended family, with ownership equally distributed over three main branches of the Fondel family.

Before June 12, 2018, the ownership of FMC was represented by 1,000 shares of stock. The shareholders and their representative ownership shares were divided as follows: Appellant Franklin Sr., 333 shares; Appellee Kevin, 333 shares; and Appellee Succession of Raymond Sr., 334 shares.

However, on June 12, 2018, the then-elected board of directors of FMC held a meeting, during which the board resolved to issue 4,000 previously authorized but unissued shares to Franklin Jr. According to the minutes of this meeting, "Franklin Fondel, Jr. has been serving as President of the corporation without any salary since July of 2016, . . . [and] the corporation has agreed to issue shares authorized, but not issued to Franklin Fondel, Jr., equal to the unpaid compensation . . . ."

In response, on March 15, 2019, Kevin and the Succession of Raymond Sr. (acting through an administrator) filed a petition for injunctive relief against FMC, Franklin Sr., and Franklin Jr. Thereafter, on July 16, 2019, the same plaintiffs filed against the same defendants a petition for declaratory judgment. Both actions were filed by plaintiffs in their capacity as derivative shareholders. While the action for injunctive relief sought to prevent Franklin Jr. from voting the 4,000 shares of FMC stock, the declaratory action sought to rescind the stock transaction as null and void.

Trial was held on September 24, 2019. After taking the matter under advisement, the trial court rendered a final Judgment declaring the transfer by FMC of 4,000 shares of stock to Franklin Jr. null and void. The trial court's Judgment was signed on October 4, 2019. Written Reasons were also issued and signed on October 4, 2019. Several weeks later, on October 31, 2019, the trial court rendered judgment issuing a permanent injunction against Franklin Jr., enjoining him from voting shares of stock in FMC. It is from these two judgments that Franklin Sr. and Franklin Jr. now appeal.[1]

On appeal, Franklin Sr. and Franklin Jr. assert the following assignments of error:

I.      The District Court erred in invalidating the transfer of stock by the Board of Directors of Fondel Memorial Chapel, Inc. to Franklin Fondel, Jr.

II.     The District Court erred in granting a permanent injunction against Franklin Fondel, Jr. from voting any of the shares he acquired from Fondel Memorial Chapel, Inc.

---

[1] In July 2020, FMC filed with this court a motion to realign parties. The motion alleged that since the order of appeal was signed, a new board of directors had been elected for FMC. The motion sought permission from this court to allow FMC to file a brief as an appellee in order to reflect a changed legal position of this newly elected board. The order that accompanied the motion was signed by this court on July 6, 2020.

2

**STANDARD OF REVIEW**

The function of a declaratory judgment is to establish the rights of the parties or to express the court's opinion on a question of law without ordering any relief. *MAPP Constr., LLC v. Amerisure Mut. Ins. Co.*, 13-1074 (La.App. 1 Cir. 3/24/14), 143 So.3d 520. "Trial courts are vested with wide discretion in deciding whether to grant or refuse declaratory relief." *In re Interment of LoCicero*, 05-1051, p. 4 (La.App. 4 Cir. 5/31/06), 933 So.2d 883, 886. Here, however, Appellants do not contend that the trial court erred in rendering a declaratory judgment. Instead, they contend that the trial court erred in invalidating the transfer of FMC stock to Franklin Jr.

While a trial court's determination about whether to issue a declaratory judgment is subject to the abuse of discretion standard, the judgment itself is still subject to the appropriate standard of review, i.e., questions of law are reviewed de novo and questions of fact are subject to the manifest error standard of review. *See Ranger Ins. Co. v. Shop Rite, Inc.*, 05-452 (La.App. 5 Cir. 1/17/06), 921 So.2d 1040.

Additionally, a trial court's determination about whether to issue a permanent injunction is subject to the manifest error standard of review. *Mary Moe, L.L.C. v. La. Bd. of Ethics*, 03-2220 (La. 4/14/04), 875 So.2d 22. The issuance of a permanent injunction occurs after a trial on the merits and the burden of proof is a preponderance of the evidence. *Id*. A preliminary injunction may be issued on a *prima facia* showing that the plaintiff is entitled to relief. *Id*. The parties may agree to consolidate trial on the merits of a permanent injunction with the judgment issuing a preliminary injunction. *Id*.

## DISCUSSION

## I.     First Assignment of Error

In their first assignment of error, Franklin Sr. and Franklin Jr. contend the trial court erred in invalidating the transfer of stock from FMC to Franklin Jr. The trial court concluded that the issuance of the 4,000 shares of FMC stock to Franklin Jr. was null and void because it violated the Louisiana Business Corporation Act. Specifically, the trial court determined that the statutory requirements of La.R.S. 12:1-621(F) were not satisfied. On appeal, Franklin Sr. and Franklin Jr. argue that the requirements of La.R.S. 12:1-621(F) do not apply to the transaction at issue.

The issue before us concerns the statutory interpretation of La.R.S. 12:1-621. This is a question of law, requiring this court to employ the de novo standard of review. *Silver Dollar Liquor, Inc. v. Red River Parish Police Jury*, 10-2776 (La. 9/7/11), 74 So.3d 641.

"The starting point in the interpretation of any statute is the language of the statute itself." *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 13 (La. 7/1/08), 998 So.2d 16, 27. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. "The words of a law must be given their generally prevailing meaning." La.Civ.Code art. 11. "The plain meaning of the legislation should be conclusive." *Borel v. Young*, 07-419, p. 10 (La. 11/27/07), 989 So.2d 42, 50.

Louisiana Revised Statutes 12:1-621 states, in pertinent part:

> F. (1) An issuance of shares or other securities convertible into or rights exercisable for shares, in a transaction or a series of integrated transactions, requires approval of the shareholders, at a meeting at which a quorum consisting of at least a majority of the votes entitled to be cast on the matter exists, if both of the following conditions are satisfied:

(a) The shares, other securities, or rights are issued for consideration other than cash or cash equivalents.

(b) The voting power of shares that are issued and issuable as a result of the transaction or series of integrated transactions will comprise more than twenty percent of the voting power of the shares of the corporation that were outstanding immediately before the transaction.

Before going further, it is important to point out that Appellants do not dispute any of the factual findings of the trial court. To this end, the trial court found that no shareholders were present at the June 12, 2018 meeting, during which 4,000 shares of FMC stock were issued to Franklin Jr.; that the shares of stock were issued to Franklin Jr. as compensation for services (labor) performed by him in the past; and that the issuance of the 4,000 shares of FMC stock comprised more than twenty percent of the voting power of the voting shares that were outstanding immediately before the transaction. Indeed, prior to the subject transaction, only 1,000 shares of FMC stock had been issued. The transaction at issue resulted in a four-hundred percent increase in outstanding company shares.

Based on the above findings of fact, the trial court concluded that "[a]s none of those present at the meeting were shareholders of the corporation, a legal issuance of shares could not take place under La.R.S. 12:1-621(F) where the meeting was one in which a less than a majority of the votes entitled to be cast were present."

Appellants, Franklin Sr. and Franklin Jr., contend that compliance with La.R.S. 12:1-621(F) was not necessary because Franklin Jr.'s unpaid personal labor to FMC constitutes a cash equivalent under La.R.S. 12:1-621(F)(1)(a). Because the term "cash equivalents" is not defined within the above statute, Appellants argue that the term should be construed to include services rendered. The argument is that "cash equivalents" should not be limited to assets readily convertible to cash, such as stocks, bonds, or negotiable instruments. Franklin Jr.'s services (labor) rendered

5

to FMC, they argue, is a cash equivalent. The trial court did not agree with this argument, and neither do we.

Franklin Sr. and Franklin Jr. fail to offer a single source of law to support their argument. On the other hand, Appellees point to *State v. Dean*, 99-475, p. 6 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, 60, *writ denied*, 99-3413 (La. 5/26/00), 762 So.2d 1101, wherein another panel of this court determined that the phrase "other cash equivalents" in La.R.S. 27:71(4) presumes checks or some other form of negotiable instrument. Louisiana Revised Statutes 27:71 governs the application requirements for gaming licenses under the Louisiana Riverboat Economic Development and Gaming Control Act.

Appellees next point to the Louisiana Business and Industrial Development Company Act, specifically La.R.S. 51:2388(4), which states: "Cash equivalent shall include cash, time certificates of deposit, or readily marketable securities issued by an agency of the United States government or the State of Louisiana or any of its political subdivisions." Finally, Appellees cite Louisiana Captive Insurers Law, specifically La.R.S. 22:550.2(5), which defines "'[c]ash equivalents'" as "any short-term, highly liquid investments that are both (a) readily convertible to known amounts of cash, and (b) so near their maturity that they present insignificant risk of changes in value due to changes in interest rates."

In determining the common and approved usage of an undefined word in a statute, dictionaries are also a valuable source. *Perdu v. Cruse*, 09-1446 (La.App. 3 Cir. 6/2/10), 38 So.3d 1235. "Cash equivalent" is defined in Black's Law Dictionary as a "short-term security that is liquid enough to be considered equivalent to cash." Black's Law Dictionary (11th ed. 2019). This definition is consistent with *State v. Dean* and the previously discussed statutes.

Accordingly, we hold that "cash equivalents" as used in La.R.S. 12:1-621(F)(1)(a) does not include personal services rendered. The trial court correctly interpreted and applied La.R.S. 12:1-621 to the record evidence. We affirm the trial court's judgment in declaring the stock transaction null and void. Appellants' first assignment of error is without merit.[2]

## II.    Second Assignment of Error

In their second assignment of error, Franklin Sr. and Franklin Jr. contend that the trial court erred in granting a permanent injunction against Franklin Jr., enjoining him from voting the shares of stock he acquired in FMC. The issue for our review is whether the trial court manifestly erred in issuing the permanent injunction.

The action for an injunction is available to prevent "irreparable injury, loss, or damage" that would otherwise result. La.Code Civ.P. art. 3601(A). "A permanent injunction is an extraordinary remedy appropriately ordered only to prevent damage that is likely to occur in the future rather than to punish for past damage. Thus, no injunction may be issued when the situation sought to be enjoined has already been remedied." *Freyou v. Iberia Par. Sch. Bd.*, 94-1371, p.5 (La.App. 3 Cir. 5/3/95), 657 So.2d 161, 164 (citations omitted).

In this case, on October 31, 2019, the trial court signed an Order of Permanent Injunction, stating therein as follows:

> **IT IS HEREBY ORDERED** that a Permanent Injunction is hereby issued to the Defendant, FRANKLIN FONDEL, JR., enjoining and restraining him from voting any of the 4000 shares of stock at issue or acting upon any super-majority claimed to flow from the alleged stock transfer to FRANKLIN FONDEL, JR. of 4000 shares on June 12, 2018, and further enjoining and restraining him and anyone in concert with him from issuing, transferring, selling or in any way alienating any part of the 4000 shares of stock in Fondel Memorial Chapel, Inc. purportedly transferred to FRANKLIN FONDEL, JR. on June 12, 2018.

---

[2] In light of our holding that the stock transaction is null and void as it is contrary to La.R.S. 12:1-621, there is no need for us to address any of Appellants' other arguments regarding the first assignment of error.

The purpose of the injunction was to prevent Franklin Jr. from voting the disputed shares of stock. However, this situation was remedied by the trial court's declaratory judgment. In declaring the stock transaction null and void, the trial court reestablished ownership of FMC as follows: Franklin Sr., 333 shares; Kevin, 333 shares; and Succession of Raymond Sr., 334 shares. Franklin Jr. is not the registered owner of the subject 4,000 shares of FMC stock. The permanent injunction serves no purpose.

Accordingly, we find that the trial court manifestly erred in issuing the permanent injunction against Franklin Jr. The trial court's Order for Permanent Injunction is reversed, and the injunction is hereby dissolved.

## DECREE

The trial court's declaratory Judgment of October 4, 2019, is affirmed. The trial court's Order for Permanent Injunction of October 31, 2019, is reversed and the injunction is hereby dissolved. All costs associated with this appeal are assessed equally between Appellants (Franklin Fondel Sr. and Franklin Fondel Jr.) and Appellees (Kevin Fondel, Raymond Fondel Jr., David Marcantel, as Administrator of the Succession of Raymond Fondel Sr., and Fondel Memorial Chapel, Inc.).

**DECLARATORY JUDGMENT AFFIRMED.**
**PERMANENT INJUNCTION REVERSED AND DISSOLVED.**